IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE:<br>ANTHONY WAYNE GILMORE<br><br>       Debtor.<br><br>IN RE:<br>MARIA SUZANNE GILMORE<br>_____<br><br>JILL D. OLSEN and<br>JANICE A. HARDER,<br><br>       Plaintiffs,<br><br>v.<br><br>CHASE BANK USA, N.A.,<br><br>       Defendant. | Case No. 10-21720-drd-7<br><br><br><br>Case No. 10-22081-drd-7<br><br><br><br>Adversary Nos. 11-2011 & 11-2012 |

## MEMORANDUM OPINION

These matters were commenced by the filing of complaints initiating adversary proceedings by plaintiffs Jill D. Olsen, Chapter 7 Trustee, and Janice A. Harder, Chapter 7 Trustee, by and through their attorney ("Trustees") against defendant Chase Bank USA, N.A. ("Chase") to avoid transfer pursuant to 11 U.S.C. § 544(a)(1) or (a)(3). They are core proceedings under 28 U.S.C. §157(b)(2)(K) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a) and (b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, the Court finds that the lien is subject to the Trustees' avoidance powers and is therefore avoided under § 544(a)(1).

## I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The facts are undisputed and contained in the Joint Stipulation of Facts which attaches and incorporates therein a copy of an Affidavit and Deed of Trust as Exhibit A.  On May 25, 2005, Debtors obtained a loan from Chase which was to be secured by a deed of trust (the "Deed of Trust") on certain property (the "Property").  The original Deed of Trust was not recorded in the Office of the Recorder of Deeds of Boone County, Missouri.  On July 10, 2009, Daniel E. Olsen, an agent of the title company, executed an Affidavit that was recorded in Book 3520 at Page 36.  Attached to the Affidavit is a copy of the Deed of Trust.  The Affidavit states that the Deed of Trust was executed by Debtors to an unnamed trustee for Defendant and that Affiant knows of his own personal knowledge that the Deed of Trust has not been filed of record, and that the original document cannot be located.

On October 8, 2010, Debtors filed individual petitions in bankruptcy and on May 14, 2011, the Trustees filed the complaints commencing the adversary proceedings.

## III.  DISCUSSION AND LEGAL ANALYSIS

The Trustees argue that under § 544(a)[1] they may avoid the Deed of Trust because it was not properly recorded and thus not perfected under state law.  Section 544 enables a bankruptcy trustee to avoid the security interest of any creditor whose security interest is not properly perfected under applicable state law as of the bankruptcy petition date.  *See In re Braun*, 2006 WL 4449692 (W.D. Mo. 2006).  Under Missouri law (which is the applicable state law), a

---

[1] The Trustees and Chase seem to combine their arguments under §544(a)(1) and (a)(3) in their briefs.  The Court will address the §544(a)(1) argument first, and the ruling on that section eliminates the need to address the §544(a)(3) argument.

properly executed deed of trust is perfected by recording it with the recorder of deeds for the county in which the property sits. Mo. Rev. Stat. § 442.380 (2000). Section 544(a)(1) provides that:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
>
> (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists.

11 U.S.C. § 544(a)(1).

Here, the Trustees assert that the original Deed of Trust was not properly executed and recorded and that Chase improperly recorded an Affidavit with a copy of the Deed of Trust attached. Thus, the Deed of Trust was not perfected and is subject to avoidance under § 544(a). In support of their argument, they cite Missouri's recording statutes that provide that the proof or acknowledgment of a notary public and the grantor's signature must be in writing and attached to the deed of trust. Mo. Rev. Stat. §§ 442.130[2]; 442.150; 442.180; 442.280; 442.290; 486.250; 486.275 (2000). Also, they argue that in order to perfect the lien the deed of trust must contain the *original* signature of the party conveying the interest in real estate and be recorded with the

---

[2] Mo. Rev. Stat. § 442.130 provides: "All deeds or other conveyances of lands...shall be subscribed by the party granting the same...and shall be acknowledged or proved and certified in the manner herein prescribed."

recorder of deeds for the county in which the real estate is located. Mo. Rev. Stat. § 442.380 (2000)[3]. Therefore, because the Deed of Trust that was recorded was a copy and did not contain original signatures, the Trustees contend it was not properly perfected and may be avoided by the powers conferred on a trustee by § 544(a).

The Trustees further contend that filing an Affidavit with a copy of the Deed of Trust does not validate the recording of a non-original instrument. They cite cases from other jurisdictions that have dealt with a similar issue. In *In re Neal*, 406 B.R. 288, 292 (Bankr. E.D. Mich. 2009), the creditor also filed a copy of a mortgage along with an affidavit. That court found that the affidavit could not be recorded to perfect the conveyance and that pursuant to Michigan statutes a mortgage with original signatures must be recorded to perfect the conveyance. The court also noted that nothing in the state statutes allowed a party to file an affidavit of lost mortgage as a substitute for the original, and it avoided the mortgage under § 544(a)(1).

They also cite *In re Gibson*, 395 B.R. 49 (Bankr. S.D. Ohio 2008), for the same proposition. That court also found that a copy of a mortgage attached to an affidavit was not sufficient to perfect the lien and could thus be avoided by the trustee under § 544(a)(1).

Chase, on the other hand, asserts that the Trustees cannot avoid its lien because it was properly perfected under Missouri law by the filing of the Affidavit and attached copy of the Deed of Trust. It argues that the copy of the Deed of Trust contained the signatures of Debtors and an acknowledgment certified by a notary public, and although such signatures and acknowledgment were copies, they were proper and true with no allegations of forgery and thus,

---

[3]Mo. Rev. Stat. § 442.380 provides: "Every instrument in writing that conveys any real estate...proved or acknowledged and certified in the manner herein prescribed, shall be recorded in the office of the recorder of the county in which such real estate is situated."

4

sufficient to comply with the Missouri statute. Chase disagrees with the Trustees that Missouri recording statutes require an instrument to contain original signatures in order to be recorded, and contend that the Affidavit with a copy of the original Deed of Trust attached created a valid, perfected lien on the Property in favor of Chase and not subject to avoidance by the Trustees.

Chase also argues that the *Neal* case is distinguishable because Michigan's recording statute expressly requires that the instrument contain an original signature and Missouri's recording statute does not contain such a requirement. It also distinguishes *Gibson* because Ohio's statute permits the filing of an affidavit only to record facts which may affect title to real estate but not to create an interest in the property and Missouri has no analogous statute that specifically enumerates what an affidavit can establish. Further, it contends that *In re Pyke*, 2007 WL 7025106 (Bankr. S.D. Ga. 2007), is identical to the present case. In that case the creditor recorded a lost deed affidavit and attached a copy of the deed. The court held that such affidavit recorded prior to bankruptcy provided constructive notice defeating the trustee's status as a bona fide purchaser under Georgia law[4].

The Court finds the Trustees' position persuasive. Although Missouri's recording statute does not explicitly state that a deed of trust must contain original signatures in order to be properly recorded and perfected, the language of the statute lends itself to such a conclusion. The statute provides that an interest in real estate is created by a written instrument and must be acknowledged and certified and recorded in the office of the recorder of the county in which such real estate is situated. Mo. Rev. Stat. § 442.380 (2000). While not explicitly requiring an original

---

[4]The *Pyke case* dealt with the bona fide purchaser issue under § 544(a)(3) which this Court need not reach. Also in that case, the Creditor had filed a lis pendens suit in addition to filing an affidavit of lost deed to serve as notice to the trustee.

signature, the purpose of the recording statutes is to prevent forgery and fraudulent property transfers, and requiring original signatures of both the grantors and the notary public serve this purpose. *See, e.g., Baldridge*, Op. Mo. Atty. Gen. No. 154 (June 22, 1965). The Court notes that the Missouri Attorney General has issued an advisory opinion that photocopies of acknowledgments are not acceptable on instruments offered for recordation. *Id.* That opinion also notes that the requirement and necessity of a valid, original acknowledgment is a matter of public policy as a means of reducing possible fraud from a reproduced signature. *Id.* For the same reasons that a notary's acknowledgment need be an original so should the grantor's signature on a deed of trust. In order to maintain the integrity of the recordation system and prevent forgeries and fraud from reproduced signatures it seems imperative to require original signatures on the deed of trust.

Further, as pointed out by Chase, Missouri's recording statutes make no provision for the filing of an affidavit with a copy of a deed of trust as a means to perfect a lost or misplaced deed. However, this fact weighs against Chase because Missouri's statutes set forth a very specific means to rectify a lost deed of trust that requires the filing of a lawsuit. *See* Mo. Rev. Stat. § 527.190. There is no evidence that Chase attempted to utilize the necessary process regarding a lost original deed of trust. The fact that Chase filed the Affidavit with the copy of the Deed of Trust is further evidence that it was aware is was not sufficient to file a copy of the Deed of Trust; otherwise, it presumably would have filed just the copy of the Deed of Trust.

Based on the Missouri recording statutes and the public policy behind such statutes, the Court finds that the failure to file a Deed of Trust with original signatures and acknowledgment caused such Deed of Trust to be improperly recorded and unperfected as to third parties. *See* Mo.

Rev. Stat. §§ 442.130; 442.400 ("The written instrument is not valid as to third parties until it is recorded."). Under § 544, the trustee has the power to avoid any lien that is unperfected on the date the petition is filed. *See In re Gaylord Grain L.L.C.*, 306 B.R. 624, 629 (8th Cir. B.A.P. 2004). Because Chase did not perfect its lien on the real property by properly filing the original Deed of Trust, the Trustees' hypothetical lien becomes superior to the unperfected lien of Chase[5].

Further, this Court agrees with the rationale of the *Neal* court that the Affidavit did not itself convey an interest in property so cannot be recorded to establish or perfect the conveyance. Although a copy of the Deed of Trust was attached, it did not contain original signatures and did not meet the requirements for recordation. *See Neal*, 406 B.R. at 292. The Michigan statute at issue in that case did explicitly require an original signature but as discussed above, the Court believes that an original signature is also implicitly required under Missouri's statute.

On similar facts as here, the *Gibson* court determined that attaching a copy of an executed mortgage document to the affidavit does not change the requirement that an executed mortgage must be recorded and the copy of the mortgage attached to the affidavit has no effect. That case is very similar to this matter as the Ohio statute did not contain an explicit requirement of an original signature but required that "all properly executed mortgages shall be recorded in the office of the county recorder of the county in which the mortgaged premises are situated. . . ." *Gibson*, 395 B.R. at 54. This is very similar to the language in Missouri's statute requiring that "every instrument in writing that conveys any real estate. . . be recorded in the office of the recorder of the county in which such real estate is situated." *See* Mo. Rev. Stat. § 442.380. As

---

[5] As noted, Missouri has a process to establish title when a deed has been lost, which would have been the proper way for Chase to establish its title to the Property. *See* Mo. Rev. Stat. § 527.190 (requiring filing petition to circuit court of the county where land lies to establish title when deed lost or destroyed).

noted above, this Court also agrees with the *Gibson* rationale that to hold otherwise would eviscerate the recording statute which requires that deeds be recorded in the office of the county recorder of the county in which the real estate is situated and shall take effect at the time they are delivered to the recorder for record. *See* Mo. Rev. Stat. §§ 442.380; 442.390.

For these reasons, this Court finds that Chase does not possess a perfected lien on Debtors' Property because it failed to record the executed Deed of Trust as required by Mo. Rev. Stat. § 442.380. Thus, Creditor does not possess a security interest in the Debtors' real property by which it can defeat the Trustees' status as a hypothetical lien creditor. As a result, the Trustees have priority over the unrecorded Deed of Trust held by Chase and can avoid the same pursuant to 11 U.S.C. § 544(a)(1). Because the Court has determined that the lien is void under § 544(a)(1) it need not determine the question under § 544(a)(3) of whether the Trustees can claim bona fide purchaser status.

## IV.  CONCLUSION AND ORDER

For all of the foregoing reasons, the Court finds that the Deed of Trust is void under § 544(a)(1). This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law. A separate order will be entered pursuant to Fed. R. Bankr. P. 9021.

Dated:   March 6, 2012                        /s/ Dennis R. Dow

THE HONORABLE DENNIS R. DOW
UNITED STATES BANKRUPTCY JUDGE

Copies to:

Duane E. Shreimann

Jill D. Olsen

Janice A. Harder

Carrie D. Mermis